**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

GIGI KAY JENNINGS                                                                    PLAINTIFF

v.                                          4:25-cv-00455-LPR-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration,                                          DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

         This recommended disposition has been submitted to United States District Judge Lee P.

Rudofsky.  The parties may file specific objections to these findings and recommendations and

must provide the factual or legal basis for each objection.  The objections must be filed with the

Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy

must be served on the opposing party.  The district judge, even in the absence of objections, may

reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

         Plaintiff, Gigi Jennings, has appealed the final decision of the Commissioner of the Social

Security Administration to deny her claim for disability insurance benefits and supplemental

security income.  The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a

disability within the meaning of the Social Security Act, because jobs existed in significant

numbers she could perform despite her impairments.  (Tr. 28-40.)

         This review function is extremely limited.  A court's function on review is to determine

whether the Commissioner's decision is supported by substantial evidence on the record as a whole

and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is fifty-three years old. (Tr. 210.)  She went as far as the ninth grade in school, (Tr. 55), and has past relevant work as a housekeeper/cleaner and laundry worker.  (Tr. 38.)

The ALJ[1] found Ms. Jennings met the insured status requirements of the Social Security Act through December 31, 2024.  (Tr. 31.)  She has not engaged in substantial gainful activity since her alleged onset date of December 1, 2019.  (*Id*.)  She has "severe" impairments in the form of disorders of the spine and osteoarthritis.  (*Id*.)  The ALJ further found Ms. Jennings did not have

---

[1]  The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 32-34.)

The ALJ determined Ms. Jennings had the residual functional capacity (RFC) to perform up to light work.  (Tr. 34.)  Given his RFC finding, the ALJ determined Ms. Jennings could no longer perform any of her past relevant work.  (Tr. 38.)  Accordingly, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments.  (Tr. 60-64.)  Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the light and sedentary jobs of routing clerk, merchandise marker, small products assembler, table worker, telephone quote clerk, and tube operator.  (Tr. 39.)  Accordingly, the ALJ determined Ms. Jennings was not disabled.  (Tr. 39-40.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 16-18.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her Complaint, Plaintiff makes the narrow and somewhat technical argument that the ALJ failed to adequately evaluate the persuasiveness of the reviewing state agency physicians.  (Doc. No. 11 at 7-16.)  The ALJ considered the opinions of the state agency doctors – two mental and two physical – and concluded that all four opinions were "persuasive as they were consistent with and supported by the overall medical record which demonstrated no treatment or allegations of mental health."  (Tr. 37.)  But these opinions are different.  As Plaintiff correctly states:

> At the initial determination, Rachel Morrisey, Ph.D., determined that Plaintiff had non-severe anxiety which resulted in mild limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (Tr. 69, 78). In

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

addition, Ellen Humphries, M.D., opined, regarding the physical impairments, that Plaintiff would be capable of performing work at the light exertional level. (Tr. 71, 80). Dr. Humpries additionally posited that Plaintiff could occasionally climb, balance, stoop, kneel, crouch, and crawl and frequently handle and finger bilaterally. Id. Upon reconsideration, Kristin Addison-Brown, Ph.D., also found a non-severe anxiety disorder, however, Dr. Addison-Brown opined there were no resulting limitations in any of the four broad functional areas. (Tr. 89-90, 98-99). On the physical side, William Harrison, M.D., agreed that Plaintiff could perform work at the light exertional level, however, Dr. Harrison only additionally opined occasional stooping and kneeling. (Tr. 91-92, 100-101).

(Doc. 11 at 10.)

To summarize, for Plaintiff's mental limitations, Dr. Morrisey found Plaintiff had mild limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. But Dr. Addison-Brown found no limitations in these four broad areas. And for her physical limitations, Dr. Humpries found Plaintiff could only occasionally climb, balance, stoop, kneel, crouch, and crawl, while Dr. Harrison found she was only limited in stooping and kneeling. The ALJ concluded the opinions of all four doctors were "persuasive as they were consistent with and supported by the overall medical record." (Tr. 37.)

Plaintiff makes a fair point – that the ALJ found these doctors' opinions to be persuasive and supported by the evidence, but the opinions contain different limitations. Nevertheless, for the following reasons, I find any error is harmless.

In support of her position, Plaintiff submits authority from districts in Texas and Kansas. (*Id.* at 14-15.) In those cases, like our case, the ALJs found the doctors' opinions to be persuasive but the opinions were inconsistent. Importantly, in all these supporting cases, the inconsistencies all impacted the ALJ's RFC determination. For example, in *Fuller v. Comm'r of Soc. Sec. Admin.*, No. EP-23-CV-00417-KC-MAT, 2025 WL 747880, the matter turned on a factual misstatement by the ALJ that ultimately impacted his RFC assessment. *Id.* at *7. The court stated, "In the

instant case, the ALJ's opinion is not supported by substantial evidence because the ALJ factually misstated that none of the VA examining physicians provided a specific weight limit for reaching even though Dr. Quezada's medical opinion stated that Plaintiff is unable to reach up over shoulder level." *Id.* at *8. The court concluded, "Specifically, it is conceivable that the ALJ could have formulated a different RFC that prohibited overhead reaching had the ALJ not made and relied on the factual mistake that none of the VA examining physicians provided a specific weight limitation." *Id.* at *9.

Yet, in the instant case, any discrepancies had no harmful impact on the ALJ's analysis. First, the differing opinions by Drs. Morrisey and Addison-Brown had zero impact on the RFC determination because the ALJ concluded at Step 2 that Plaintiff had no "severe" mental impairments. (Tr. 31-32.) Additionally, while Dr. Morrisey concluded Plaintiff had mild mental limitations and Dr. Brown found no limitation, ultimately, they both agreed that Plaintiff's mental impairments caused "no significant limitations at this time." (Tr. 70, 90.)

Second, the differing opinions by Drs. Humphries and Harrison were resolved at Step 5, where the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Dr. Humpries found Plaintiff was more limited and could only occasionally climb, balance, stoop, kneel, crouch, and crawl. (Tr. 71.) Dr. Harrison only found Plaintiff was limited to where she could occasionally stoop and kneel. (Tr. 92.) The ALJ, finding both doctors' opinions persuasive, said "She can engage in only occasional stooping and crouching." (Tr. 34.) While these discrepancies apparently did impact the ALJ's RFC assessment, I find any error is harmless because none of the jobs identified – routing clerk, merchandise marker, small products assembler, table worker, telephone quote clerk, and tube operator - require any

climbing, balancing stooping, kneeling crouching or crawling.[3]    So, Drs. Humphries and Harrison's conclusions about whether or not Plaintiff can climb, balance, stoop, kneel, crouch or crawl, has no bearing whatsoever on the ALJ's conclusion that Ms. Jennings has the RFC to perform these six jobs.  Accordingly, there is no error here.

The important question - overshadowed by the technical argument raised - is whether Ms. Jennings is disabled.  She is not.  In this case, the record contains ample evidence to support the ALJ's decision. Plaintiff went to a variety of doctors over the years and those doctors examined her and obtained imaging.  The numerous examinations in the record reveal nothing disabling.  (Tr. 523-24, 535-539, 544, 549, 552-53, 556-57, 560, 563, 567, 569-70, 573, 574, 623-24, 626, 705, 724, 812-13, 825-26, 832, 840, 1337-38, 1350-52, 1358-60, 1372-73, 1450, 1457.)   As the ALJ stated in his opinion, no doctor has ever concluded that Plaintiff is disabled, (Tr. 37), nor have any placed any lasting restrictions on her.

Plaintiff is reminded she had the burden of proving her disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, she bore the responsibility of presenting the strongest case possible.  *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  Plaintiff has simply not met that burden.

Plaintiff's counsel has done an admirable job advocating for her rights.  But it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse

---

[3] In addition to the Dictionary of Occupational Titles, the Department of Labor published the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO) "in response to the special needs of public and private organizations for more detailed occupational data than that contained in the Revised Fourth Edition Dictionary of Occupational Titles."   In reviewing the jobs of routing clerk, merchandise marker, small products assembler, table worker, telephone quote clerk, and tube operator, the SCO reports these jobs "never" require any climbing, balancing, stooping, kneeling, crouching, or crawling. See SCO pages 347, 98, 284, 203, 336, 347; https://obflegal.com/httpdocs/files/SCO.pdf.

the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 9th day of January 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE